IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LUCILLE WILLS**, Beneficiary, **EDWARD BAILEY**, Trustee for and on the behalf of **WPO-INTERNATIONAL TRUST**,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**BANK OF NEW YORK MELLON**,<br><br>　　　　Defendant. | Case No. 3:22-cv-2005-HZ<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

　　Plaintiff Lucille Wills[1] files this federal lawsuit challenging an action brought by Bank of New York Mellon (Bank) in Multnomah County Circuit Court. Plaintiff alleges that the Bank

---

　　　　[1] The real property in dispute was owned before foreclosure by WPO-International Trust. It is well-settled that a person who is not a licensed attorney may not proceed in court *pro se* and represent the interests of other parties. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."). This includes trusts, and a trustee cannot appear *pro se* on the trust's behalf. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987). The Ninth Circuit, however, has recognized an exception to that general rule—an individual who is the trust's "beneficial owner" may appear *pro se* on the trust's behalf. *Id.* (quoting 28 U.S.C. § 1654). The court explained that the "actual beneficial owner of the claims" could "be viewed as a 'party' conducting his '*own* case personally' within the meaning of [28 U.S.C. §] 1654." *Id.* at 697-98 (emphasis in original). Based on a liberal construction of Plaintiff's motion and Complaint the Court accepts that Plaintiff Lucille Wills is

PAGE 1 – ORDER

violated an automatic stay initiated by the bankruptcy of Ditech Financial, LLC, the former servicer of Plaintiff's mortgage. The Bank obtained a default judgment in state court against Plaintiff in a forcible entry and detainer (FED) action, which Plaintiff appealed first to the Oregon Court of Appeals and then to the Oregon Supreme Court. After Plaintiff's appeals were exhausted, the Bank filed a motion in state court, which Plaintiff contends seeks "restitution" of the real property, and a hearing is scheduled in state court on December 30, 2022. Also on December 30, 2022, Plaintiff filed a motion for a temporary restraining order (TRO) to halt the state court proceedings, based on the Bank's alleged violations of bankruptcy law.

In deciding whether to grant a motion for TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

Plaintiff's motion for TRO is denied because Plaintiff is unlikely to succeed on the merits. Plaintiff essentially is asking this Court to overturn the underlying judgment of the State

---

the beneficial owner. Accordingly, the Court accepts that she may proceed *pro se*, although Mr. Bailey may not proceed *pro se* and purport to represent the trust.

court that granted the FED. This Court, however, does not sit as an appellate court over state court judgments—that is a violation of the *Rooker-Feldman*[2] doctrine.

Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to hear cases that amount to collateral attacks on state court judgments. The basic premise of that doctrine is that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F3d 1148, 1154 (9th Cir. 2003). Instead, the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts. *Id.*; *see* 28 U.S.C. § 1257.

The scope of the *Rooker-Feldman* doctrine includes *de facto* appeals from a state court decision and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. A claim is inextricably intertwined with a state court judgment if the federal claim can succeed only to the extent that the state court wrongly decided the issues before it. *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001). A claim also is "inextricably intertwined where the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (quotation marks omitted).

*Rooker-Feldman* bars a suit from going forward if: (a) the plaintiff in the federal suit lost in the state court proceeding; (b) the state court determination is at the core of the federal lawsuit; (c) the federal lawsuit seeks review and rejection of the state court verdict; and (d) the state court judgment was entered before commencement of the federal action. *McKithen v. Brown*, 481 F.3d 89, 97 (2nd Cir. 2007). A dismissal under this doctrine generally is without

---

[2] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

prejudice, although one from which the plaintiff will not be able to replead in this Court. *See White v. Dobrescu*, 651 F. App'x 701, 703 (9th Cir. 2016) ("Because we affirm the dismissal on the basis of the *Rooker-Feldman* doctrine, we treat the dismissal as one without prejudice."); *see also Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice).

All of these factors are met in this case. If the Court were to decide in Plaintiff's favor, it would effectively reverse the state court FED decision. Plaintiff's current challenge needs to be brought in state court, not federal court.

The Court DENIES Plaintiff's motion for temporary restraining order, ECF 2.

**IT IS SO ORDERED.**

DATED this 30th day of December, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge