IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LUCILLE WILLS, Beneficiary, EDWARD BAILEY, Trustee for and on the behalf of WPO-INTERNATIONAL TRUST,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK MELLON,<br><br>    Defendant. | No. 3:22-cv-02005-HZ<br><br>OPINION & ORDER |

Lucille Wills
13049 NE Broadway St
Portland, OR 97230

  Plaintiff, *Pro Se*

HERNÁNDEZ, District Judge:

  This matter comes before the Court on Plaintiff Lucille Wills' Motion to Certify December 30, 2022, Order for Interlocutory Appeal. ECF 8. For the reasons that follow, the Court DENIES Plaintiff's Motion.

1 – OPINION & ORDER

**BACKGROUND**

On December 30, 2022, Plaintiffs filed a Complaint in this Court challenging an action brought by Defendant Bank of New York Mellon ("BONY") in Multnomah County Circuit Court. Plaintiff alleges BONY violated an automatic stay that arose out of the bankruptcy of Ditech Financial, LLC, the former servicer of Plaintiff's mortgage. Specifically, Plaintiff alleges BONY obtained a default judgment in Multnomah County Circuit Court against Plaintiff in a forcible entry and detainer ("FED") action, which Plaintiff appealed to the Oregon Court of Appeals and the Oregon Supreme Court. After Plaintiff's appeals were exhausted, BONY filed a motion in state court seeking "restitution" of the real property.

Also on December 30, 2022, Plaintiff filed a Motion for Temporary Restraining Order seeking to enjoin BONY from "selling, attempting to sell, or causing to be sold the property" and a declaration that "sale of the property to enforce the Mortgage/Deed of Trust/mortgage [*sic*] is improper." Pl. Mot. for Temp. Restraining Order [ECF 2] at 10-11.

On December 30, 2022, United States District Court Judge Michael Simon issued an Order in which he denied Plaintiff's Motion for Temporary Restraining Order on the basis that Plaintiff was unlikely to succeed on the merits.

On January 9, 2023, Plaintiff filed a Motion to Certify the December 30, 2022, Order for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b).

**STANDARDS**

Section 1292(b) authorizes the court to certify an interlocutory order for immediate appeal if the court finds the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" "A controlling question of law

must be one of law - not fact - and its resolution must 'materially affect the outcome of litigation in the district court." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022)(quotation omitted). "The 'substantial grounds' prong is satisfied when 'novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." *Id.* (quotation omitted). "Finally, the materially advance prong is satisfied when the resolution of the question may appreciably shorten the time, effort, or expense of conducting the district court proceedings." *Id.* (quotation omitted). "Even when all [the] statutory criteria are satisfied, [however,] district court judges have 'unfettered discretion' to deny certification." *Munger v. Cascade Steel Rolling Mills, Inc*., No. 3:18-CV-00970-SB, 2020 WL 423385, at *3 (D. Or. Jan. 27, 2020)(quoting *Brizzee v. Fred Meyer Stores, Inc*., No. CV 04–1566–ST, 2008 WL 426510, at *3 (D. Or. Feb. 13, 2008)).

"Interlocutory appeals are limited to 'rare circumstances' because [they are] a 'departure from the normal rule that only final judgments are appealable.'" *Munger,* 2020 WL 423385, at *3 (quoting *James v. Price Stern Sloan, Inc*., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002)). Under § 1292(b) "parties may take an interlocutory appeal when exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *ICTSI Or.,* 22 F.4th at 1130 (quotation omitted).

## DISCUSSION

Judge Simon denied Plaintiff's Motion for Temporary Restraining Order on the basis that Plaintiff is essentially seeking to overturn the default judgment entered in Multnomah County Circuit Court against Plaintiff in the FED action, which was affirmed by the Oregon Court of Appeals. Judge Simon concluded, therefore, that this action is a collateral attack on the state-

court judgment and, as such, is precluded by the *Rooker-Feldman* doctrine,[1] which prohibits federal courts from reviewing final determinations of state courts. See *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986). See also *Craig v. State Bar of Cal.*, 141 F.3d 1353, 1354 n.1 (9th Cir. 1998)(under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially seek review of state-court decisions). The *Rooker-Feldman* doctrine bars direct review by federal courts of issues actually decided by state courts as well as consideration of any claim "inextricably intertwined" with the state-court decision. *Id.* Judge Simon concluded if the Court were to decide in Plaintiff's favor in this matter, that decision would effectively reverse the state court FED decision. Accordingly, this matter is a *de facto* appeal of the state-court matter and *Rooker-Feldman* applies. Plaintiff, therefore, is unlikely to succeed on the merits of her claims.

As noted, § 1292(b) authorizes the court to certify an interlocutory order for immediate appeal if the court finds the "order involves a controlling question of law as to which there is substantial ground for difference of opinion." "Courts traditionally will find that a substantial ground for difference of opinion exists whe[n] the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *ICTSI Or.*, 22 F.4th at 1132 (quotation omitted). The *Rooker-Feldman* doctrine is well-established and there is not a substantial ground for difference of opinion as to its application generally or its application to the facts here. In addition, Plaintiff has not presented any novel legal issues on which fair-minded jurists might reach contradictory conclusions. The Court, therefore, concludes Plaintiff

---

[1] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

has not satisfied the requirements of § 1292(b). Accordingly, the Court denies Plaintiff's request for interlocutory appeal.

## CONCLUSION

For these reasons, the Court DENIES Plaintiffs' Motion to Certify December 30, 2022, Order for Interlocutory Appeal. [8]

IT IS SO ORDERED.

DATED:_____January 26, 2023_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge