IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LUCILLE WILLS,                                             No. 3:22-cv-02005-HZ

       Plaintiff,                                        OPINION & ORDER

v.

BANK OF NEW YORK MELLON,

       Defendant.

Lucille Wills
13049 NE Broadway St
Portland, OR 97230

       Plaintiff, *Pro Se*

Nicholas A. Reynolds
Houser LLP
1420 Fifth Avenue
Suite 2200
Seattle, WA 98101

       Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter comes before the Court on the Motion for Leave of Court to Join As Third-Party Intervenor On Behalf of WPO International Trust filed by Edward Bailey. ECF 24. For the reasons that follow, the Court DENIES the Motion.

## BACKGROUND

On December 30, 2022, Plaintiff Lucille Wills and alleged third-party intervenor WPO International Trust ("WPO") filed a *pro se* Complaint in this Court challenging an action brought by Defendant Bank of New York Mellon ("BONY") in Multnomah County Circuit Court. Wills alleges BONY violated an automatic stay that arose out of the bankruptcy of Ditech Financial, LLC, the former servicer of Wills' mortgage.

Also on December 30, 2022, Wills filed a Motion for Temporary Restraining Order seeking to enjoin BONY from "selling, attempting to sell, or causing to be sold the property" and a declaration that "sale of the property to enforce the Mortgage/Deed of Trust/mortgage [*sic*] is improper." Pl. Mot. for Temp. Restraining Order [ECF 2] at 10-11.

On December 30, 2022, United States District Court Judge Michael Simon issued an Order in which he denied Plaintiff's Motion for Temporary Restraining Order on the basis that Plaintiff was unlikely to succeed on the merits.

On February 17, 2023, Defendant filed an Answer to the Complaint.

On March 7, 2023, the Court held a Rule 16 conference in which it struck intervenor WPO on the basis that generally non-attorneys may not represent trusts. *See, e.g., Shetty v. Selene Fin. LP*, 696 F. App'x 826, 827 (9th Cir. 2017)("To the extent Shetty is challenging the district court's order as the representative of a trust, the appeal is dismissed because Shetty, as a non-attorney, 'has no authority to appear as an attorney for others than himself.'")(quoting *C.E.*

*Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987)). The Court advised Plaintiff that WPO could file a motion to intervene if it obtained counsel.

On May 2, 2023, Edward Bailey[1] filed a Motion for Leave of Court to Join as Third-Party Intervenor on Behalf of WPO International Trust. Defendant did not file a response and the Court took the Motion under advisement on May 16, 2023.

## DISCUSSION

Bailey moves for leave of Court to join as third-party intervenor "speaking on behalf of its [*sic*] beneficial interest in WPO." Mot., ECF 24, at 1. Bailey states in his Motion that the property at issue "has been settled into WPO International Trust," Bailey "is the authorized trustee for WPO," and Bailey "has an equitable beneficial interest in" WPO. Bailey asserts that because he has an equitable beneficial interest in WPO he is "authorized to speak [*pro se*] on behalf of his beneficial interest in WPO." *Id*. at 2.

"The general rule in federal litigation is that a non-attorney can represent himself on his own behalf." *Becker v. Wells Fargo Bank, NA, Inc.*, No. 2:10-CV-02799 LKK, 2012 WL 6005759, at *3 (E.D. Cal. Nov. 30, 2012)(citing 28 U.S.C. § 1654[2]; *C.E. Pope*, 818 F.2d at 697). "Although an individual has the right to represent himself . . . an individual does not have the right to appear on behalf of anyone other than himself." *Id.* (citing *C.E. Pope*, 818 F.2d at 697). *See also Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir.1994)(citing *C.E. Pope* and holding that *pro se* purported trustees had no right to represent trusts). With respect to trusts, the court explained in *C.E. Pope* that an individual's "status as a trustee is fiduciary; his statutory responsibility is the orderly administration of assets" as such a trustee "cannot be viewed as a

---

[1] Bailey is not an attorney.
[2] 28 U.S.C.A. § 1654 provides "[i]n all courts of the United States the parties may plead and conduct their own cases personally."

'party' conducting his *own* case personally within the meaning of Section 1654[,]" therefore, an individual's status as a trustee does not "include[] the right to present arguments *pro se* in federal court." Id. (emphasis in original). Accordingly, Bailey's alleged status as a trustee of WPO does not provide him with the right to present *pro se* arguments on behalf of the trust in this Court.

      The court in *C.E. Pope* also noted that the record did not "identify the Trusts' beneficiaries. Because [the trustee] is not the actual beneficial owner of the claims being asserted by the Trusts (so far as one can tell from the record), he cannot be viewed as a 'party' conducting his '*own* case personally' within the meaning of Section 1654." 818 F.2d at 697-98 (emphasis in original). Courts, relying on this statement in *C.E. Pope*, have concluded that "an individual who is the trust's 'beneficial owner' may appear *pro se* on the trust's behalf." Becker, 2012 WL 6005759, at *4 (citing *C.E. Pope*, 818 F.2d at 697-98). *See also* Swenson v. United States, No. 2:12-CV-2058-JAM-CMK, 2013 WL 147814, at *2 (E.D. Cal. Jan. 14, 2013), report and recommendation adopted, No. 2:12-CV-2058-JAM-CMK, 2013 WL 1155474 (E.D. Cal. Mar. 19, 2013)("there is nothing in the complaint indicating that plaintiff is a beneficiary as well as the trustee," the plaintiff, therefore, "cannot be viewed as a party conducting his 'own case personally' within the meaning of § 1654")(citing *C.E. Pope*, 818 F.2d at 697-98); *Alpha Land Co. v. Little*, 238 F.R.D. 497, 499 (E.D. Cal. 2006)("If an individual purporting to appear pro se is not the actual 'beneficial owner of the claims being asserted,' they are not viewed as a party conducting their 'own case personally' within the meaning of Section 1654.")(quoting *C.E. Pope*, 818 F.2d at 697).

      Whether an individual is the "beneficial owner" of a trust depends on whether the individual has "rights of ownership to the trust assets, res, or corpus." *United States v. Parkinson*, No. CV98-0340-E-BLW, 2001 WL 169318, at *6 (D. Idaho Feb. 12, 2001)("Detsel Parkinson

4 – OPINION & ORDER

claims that . . . the trust, has assigned him all of its 'rights and claims in the litigation,' but . . . [the trust] has not assigned him any rights of ownership to the trust assets, res, or corpus. Such an 'assignment' is a hollow gesture which does not satisfy the *Pope* standard that Parkinson be the actual beneficial owner of the trust in order to represent the trust."). In his Motion, Bailey states only that he "has an equitable beneficial interest in the WPO International Trust." Bailey, however, does not attach the trust agreement or affirm that he has actual rights of ownership in the trust assets, res, or corpus.

In addition, courts have held that when a trust has more than one beneficiary, a single beneficiary cannot act *pro se* on behalf of the trust. *See, e.g., Joseph Aaron Cigler Tr. v. Hanson, No. CV 20-1206 CG, 2020 WL 7428323, at \*1 (D.N.M. Dec. 17, 2020)*("The record does not identify the beneficiaries of Plaintiff Trust. If there are other beneficiaries of Plaintiff Trust, then Mr. Cigler . . . cannot be viewed as a 'party' conducting his 'own case personally' . . . because the outcome of this action could affect the interests of the other beneficiaries."). Bailey fails to indicate that he is the only beneficiary of WPO or to identify the beneficiaries of WPO. If there are beneficiaries of WPO other than Bailey, Bailey is not a "party" conducting his "own case personally" because the outcome of this action could affect the interests of the other beneficiaries.

The Court, therefore, concludes Bailey has not established that he may "speak on behalf of his [equitable] beneficial interest" in WPO. Accordingly, the Court denies Bailey's Motion for Leave of Court to Join as Third Party Intervenor on Behalf of WPO International Trust.

## CONCLUSION

For these reasons, the Court DENIES Bailey's Motion for Leave of Court to Join as Third

5 – OPINION & ORDER

Party Intervenor on Behalf of WPO International Trust. [24].

IT IS SO ORDERED.

DATED:      June 22, 2023      .

                                                                _____
MARCO A. HERNÁNDEZ
United States District Judge